BILL, (UNITED STATES v.) See Cases Nos. 14,593 and 14,594.

# Case No. 1,408.

## In re BILLING.

[3 Ben. 212;[1] 2 N. B. R. 512, (Quarto, 161;) 2 Am. Law T. Rep. Bankr. 87.]

District Court, S. D. New York. April 23, 1869.

CONSTRUCTION OF STATUTES—BANKRUPTCY ACT OF 1867—FIFTY PER CENT. CLAUSE.

1. A statute will not be construed as being retroactive, unless the intention that it shall be so appears on its face.

[Cited in Brooke v. McCracken, Case No. 1,932; Tinker v. Van Dyke, Id. 14,058. See, also, U. S. v. Heth, 3 Cranch, (7 U. S.) 399; Prince v. U. S., Case No. 11,425; Harvey v. Tyler, 2 Wall. (69 U. S.) 328; Schenck v. Peay, Case No. 12,450; Ellis v. Connecticut Mut. Life Ins. Co., 8 Fed. 81; Warren Manuf'g Co. v. Aetna Ins. Co., Case No. 17,206.]

2. When such intention appears, the statute will be allowed to act retroactively unless some vested right will be impaired, or some contract will be violated thereby.

[Cited in Re Griffiths, Case No. 5,825.]

3. The second clause of the 33d section of the bankruptcy act provided, that, "in all proceedings in bankruptcy commenced after one year from the time this act shall go into operation, no discharge shall be granted to a debtor whose assets do not pay fifty per centum of the claims against his estate, unless the assent in writing of a majority in number and value of his creditors who have proved their claims is filed in the case at or before the time of application for discharge." The year expired on June 1st, 1868. On July 27th, 1868, an act was passed declaring that the second clause of the 33d section above mentioned "shall not apply to the cases of proceedings in bankruptcy commenced prior to the first day of January, 1869," &c., &c. 15 Stat. 227, [c. 258.] Held, that, the provisions of this latter act extended to proceedings in bankruptcy commenced between June 1st, 1868, and July 27th, 1868, as well as to proceedings commenced on and after July 27th, 1868.

[In bankruptcy. Application of William Billing, a bankrupt, for a discharge. Granted.]

Benedict & Boardman, for bankrupt.

BLATCHFORD, District Judge. This is a case of voluntary bankruptcy. The petition was filed on the 8th of June, 1868. The proceedings have progressed in due course and the petitioner has applied for a discharge. His assets have not paid and will not pay fifty per centum of the claims against his estate, and the assent in writing of a majority in number and value of his creditors who have proved their claims has not been filed. On this state of facts, the question arises, whether he is entitled to a discharge. On the 8th of June, 1868, when his petition was filed, the period of one year from the time the bankruptcy act went into operation had expired. The expiration of that period brought into effect the provision of the second clause of the 33d section of the act, [14 Stat. 533,] which is this: "In all proceedings in bankruptcy commenced after one year from the time this act shall go into operation, no discharge shall be granted to a debtor whose assets do not pay fifty per centum of the claims against his estate, unless the assent in writing of a majority in number and value of his creditors who have proved their claims is filed in the case at or before the time of application for discharge." By the 50th section of the act, no proceeding under the act could be commenced until the 1st day of June, 1867. The act, therefore, so far as the second clause of the 33d section is concerned, went into operation on the 1st day of June, 1867, and that clause took effect in respect to all proceedings in bankruptcy commenced after the 1st day of June, 1868. The filing of the petition in the present case, on the 8th of June, 1868, followed as it was by an order of adjudication, was, under section 38, the commencement of proceedings in the case. Therefore, if the second clause of the 33d section had remained unaltered, it is manifest that no discharge could be granted in this case. But, by the act of July 27, 1868, (15 Stat. 227, [c. 258,]) it is declared that the provisions of the second

clause of the 33d section of the bankruptcy act "shall not apply to the cases of proceedings in bankruptcy commenced prior to the first day of January, eighteen hundred and sixty-nine," and that "the time during which the operation of the provisions of said clause is postponed shall be extended until said first day of January, eighteen hundred and sixty-nine," and that said clause is so amended as to read as follows: "In all proceedings in bankruptcy commenced after the first day of January, eighteen hundred and sixty-nine, no discharge shall be granted to a debtor whose assets shall not be equal to fifty per centum of the claims proved against his estate, upon which he shall be liable as the principal debtor, unless the assent in writing of a majority in number and value of his creditors to whom he shall have become liable as principal debtor, and who shall have proved their claims, be filed in the case at or before the time of the hearing of the application for discharge."

The question which arises on this legislation is, whether the act of July 27th, 1868, in saying that the provisions of the second clause of the 33d section of the original act should not apply to the cases of proceedings in bankruptcy commenced prior to the 1st of January, 1869, meant only proceedings which should be commenced after the 27th of July, 1868, and prior to the 1st of January, 1869, or meant proceedings which had been commenced before the 27th of July, 1868, as well as proceedings which should be commenced on and after that day; and whether the extension of the time during which the operation of the provisions of such second clause was postponed, was an extension to commence only on the 27th of July, 1868, or an extension to commence retroactively on the 2d of June, 1868; and whether such second clause of the 33d section, in its amended form, is to be regarded as being in force only from the 27th of July, 1868. In other words, the question is, whether the provisions of the act of July 27th, 1868, were wholly prospective, or whether they were also retroactive, so as to prevent the coming into operation until after the 1st of January, 1869, of such second clause of the 33d section.

The general rule is, that a statute will not be construed as being retroactive in its operation, unless the intention that it shall be so retroactive appears on its face, and that, when such intention appears, the statute will be allowed to operate retroactively unless some vested right will be impaired or some contract will be violated. It is the fair import of the legislation referred to, that congress intended to give to all debtors in whose cases proceedings in bankruptcy had been commenced or should be commenced on or before the 1st of January, 1869, the privilege of obtaining a discharge without any restriction as to the per centage which their assets should pay, or as to the procuring of the assent in writing of any of their cred-

itors. The provisions for a discharge, in the act, are remedial and beneficent, and no reason can be assigned why congress should remove such restriction in the cases of proceedings commenced on and after the 27th of July, 1868, and not remove it in the cases of proceedings commenced before that day and after the 1st of June, 1868. There were in this district eighteen cases commenced after the 1st of June, 1868, and before the 27th of July, 1868. On a view of all the provisions of law, it must be held, that congress has expressly manifested its intention to make no discrimination against those cases. This question has been submitted to Mr. Justice NELSON and he concurs in the views here expressed. A discharge will, therefore, be granted.